UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CITY OF FERNLEY,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ERNEST A. CONANT, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:21-CV-00119-MMD-CLB<br><br>**ORDER DENYING WITH LEAVE TO REFILE DISCOVERY PLAN AND SCHEDULING ORDER AND GRANTING MOTION TO STAY DISCOVERY**<br><br>[ECF Nos. 46, 51] |

Currently pending before the Court is Federal Defendants Ernest A. Conant and United States Bureau of Reclamation's, (collectively referred to as "Federal Defendants"), motion to stay discovery, (ECF No. 51)[1]. Plaintiff City of Fernley responded, (ECF No. 53)[2], and the Federal Defendants replied, (ECF No. 56). Also before the Court is a joint stipulated discovery plan and scheduling order, (ECF No. 46). The Court has reviewed the relevant pleadings and papers, and, for the reasons set forth below, the Court grants, in part, the motion to stay and denies with leave to refile the discovery plan and scheduling order.

Courts have broad discretionary power to control discovery, including the decision to allow or deny discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). "The party seeking a stay . . . has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rosenstein v. Clark Cnty. Sch. Dist.,* No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted). Therefore, a party seeking a stay of discovery carries the heavy

---

[1] Defendant Pyramid Lake Paiute Tribe joined the motion, (ECF No. 52), and the reply, (ECF No. 58).

[2] Intervenor Plaintiff David F. Stix, Jr. joined in opposition, (ECF No. 54).

burden of making a strong showing why the discovery process should not proceed. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). A showing that discovery may involve some inconvenience and expense does not suffice to establish good cause to stay discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013). Motions to dismiss are frequently part of federal practice and an "overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Trzaska v. Int'l Game Tech.*, No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011).

To determine if a stay is appropriate pending the ruling on a motion to dismiss, the Court considers the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and (3) whether the Court is convinced that the plaintiff cannot state a claim for relief. *Tradebay*, 278 F.R.D. at 603; *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *First Am. Title Ins. Co. v. Commerce Assocs., LLC*, No. 2:15-cv-832-RFB-VCF, 2015 WL 7188387, at *2 (D. Nev. Nov. 13, 2015). The Court must take a "preliminary peek" at the merits of the underlying dispositive motion in order to find whether the plaintiff can state a claim. *Tradebay*, 278 F.R.D. at 603. The "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.*

In conducting its review, the Court also considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. With Rule 1 as its prime directive, the Court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 512 (D. Nev. 2020).

///

Having reviewed all the factors set forth above and after conducting a "preliminary peek" of the underlying motions, the Court finds that a stay of discovery is appropriate in this case. A hearing is currently set for argument related to the motions to dismiss. Therefore, a short stay of discovery pending ruling on the motions to dismiss will not prejudice the parties nor will it result in undue delay. Moreover, a short stay will avoid possible unnecessary expense in conducting discovery.  Accordingly, the Defendants' motion for stay pending ruling on the motions to dismiss, (ECF No. 51) is **GRANTED.**

Further, the Joint Stipulated Discovery Plan and Scheduling Order, (ECF No. 46), is **DENIED, with leave to refile,** after a resolution of the motions to dismiss.

**IT IS SO ORDERED.**

**DATED**: October 26, 2021 .

_____
**UNITED STATES MAGISTRATE JUDGE**