UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CITY OF FERNLEY,<br><br>                Plaintiff,<br>v.<br><br>ERNEST A. CONANT, *et al.*,<br><br>                Defendants. | Case No. 3:21-cv-00119-MMD-CLB<br><br>ORDER |

      Plaintiff the City of Fernley sued Defendants Ernest A. Conant, Regional Director of the U.S. Bureau of Reclamation and Commissioner United States Bureau of Reclamation over Defendants' approval of a plan to repair the Truckee Canal by partially lining it, which will effectively reduce groundwater available to Fernley and its residents because the canal will stop leaking[1] as much as it has since 1905 under the approved plan. (ECF No. 1.) The Court permitted landowners and water rights holders David F. Stix, Jr., and Deena E. Edmonston (collectively, "Intervenors") to intervene (ECF No. 15), and they filed a complaint-in-intervention (ECF No. 9). The Court also permitted the Pyramid Lake Paiute Tribe ("Tribe") to intervene as a Defendant. (ECF No. 29.) Before the Court is Fernley's Fed. R. Civ. P. 59(e) motion to alter or amend the Court's December 13, 2021, Order and Judgment.[2] (ECF No. 68 ("Motion").) As further explained below,

---

[1] The parties have different ways of describing this leakage. In this order, the Court uses the terms leak or leaking, canal seepage, recharge, and artificial recharge interchangeably. The point is that there is no dispute that some surface water running through the Truckee Canal mixes into the surrounding aquifers because the Truckee Canal is an "unlined, open earthen ditch." (ECF No. 1 at 3 (¶18).) All of these terms describe the water that leaks into the ground from the Truckee Canal.

[2] Fernley filed a proposed amended complaint along with its Motion. (ECF No. 68-1.) Intervenors joined the Motion (ECF No. 69) and also filed a proposed amended complaint (ECF No. 69-1). Defendants filed a response to the Motion. (ECF No. 73.) The Tribe joined Defendants' response to the Motion. (ECF No. 74.) Intervenors (ECF No. 77) and Fernley (ECF No. 78) filed replies in support of the Motion.

because Fernley and Intervenors exclusively raise arguments that the Court already carefully considered and rejected in its Order (ECF No. 66), the Court will deny the Motion.

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1 at 127-128 (2d ed.1995) (footnotes omitted)). Fernley and Intervenors use their Motion and joinder thereto to relitigate issues that the Court already ruled on in the Order, or—at best—raise arguments that could have been raised prior to the entry of judgment. (*Compare* Order *with* Motion.) For example, Fernley's Motion primarily argues the Court should have granted it leave to amend under *Churchill Co. v. Babbitt*, 150 F.3d 1072 (9th Cir. 1998) (ECF No. 68), but the Court extensively discussed *Churchill Co.* in the Order, ultimately distinguished it, and carefully explained why it would not grant Fernley and Intervenors leave to amend. (ECF No. 66.)

Moreover, both Fernley and Intervenors suggest the Court is somehow sanctioning them because it issued the Order. (ECF Nos. 68 at 2 (describing "[d]ismissal with prejudice and without leave to amend [as] a 'harsh penalty' that should only be imposed in 'extreme circumstances.'"), 69 at 2 (same).) The Order is not a sanction. The Court instead found that Fernley and Intervenors lacked prudential standing to bring their NEPA claim, made findings as to their other claims, and explained it would not grant them leave to amend because that would be futile. (ECF No. 66.) Said otherwise, the Court denied Fernley and Intervenors leave to amend because it would have been futile, not because they did anything wrong.

The caselaw upon which Fernley and Intervenors rely to suggest the Court should not sanction them is simply inapplicable. For example, Fernley and Intervenors both cite *Bautista v. Los Angeles Cty.*, 216 F.3d 837 (9th Cir. 2000). (ECF Nos. 68 at 2, 69 at 2.) But there, the Ninth Circuit Court of Appeals found that the district court abused its discretion because it denied the plaintiffs leave to amend another time after dismissing

the plaintiffs' complaint for failure to list separate claims in numbered paragraphs and because the complaint otherwise did not comply with Fed. R. Civ. P. 8. *See Bautista*, 216 F.3d at 840-42. In other words, the district court sanctioned the plaintiffs for noncompliance with the Federal Rules. Here, the Court simply made some substantive decisions about Fernley and Intervenors' claims and decided not to grant them leave to amend. *Bautista* and similar cases dealing with dismissal as a sanction for failure to comply with rules or court orders are simply inapplicable.

The Court stands by its Order as correctly decided even after carefully considering all of the arguments raised in the Motion and Intervenors' joinder to the Motion.

It is therefore ordered that Fernley's motion to alter or amend the Court's Order and Judgment (ECF No. 68) is denied.

DATED THIS 15th Day of March 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE